IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  ALAN R. STUART,            :     Bky. No. 05-19154 (ELF)
                                   :
    Debtor.                        :
                                   :
                                   :     Chapter 13
                                   :

# M E M O R A N D U M

## I.

By Order dated March 16, 2009, this court granted the Motion of Homecomings Financial, LLC ("Homecomings") for Reconsideration of the court's earlier Order denying Homecomings' Motion for Relief from the Automatic Stay.  The March 16th Order granted Homecomings relief from the automatic stay under 11 U.S.C. §362(d).[1]  On March 23, 2009, Debtor Alan R. Stuart filed a Motion to Alter or Amend the March 16th Order ("the Motion") pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e).

For the reasons set forth below, I will deny the Motion.[2]

---

[1]     The March 16th Order was accompanied by a lengthy, written opinion.  See In re Stuart, 2009 WL 673718 (Bankr. E.D. Pa. Mar. 15, 2009).  Inadvertently, the opinion was dated March 15, 2009 and the order was dated March 16, 2009.  Both were entered on the docket on March 16, 2009.

[2]     Pursuant to L.B.R. 9014-3, the Debtor has noticed the Debtor's Motion for a hearing on April 28, 2009 and notified Homecomings that its response to the Motion is due by April 7, 2009. Because it is clear to me that the Debtor's Motion lacks merit, I find no purpose would be served by compelling Homecomings to respond to the Motion or by holding a hearing.

1

## II.

A Rule 59(e) motion must be based on at least one (1) of the following three (3) grounds:

(1) an intervening change in controlling law;

(2) new evidence not previously available; or

(3) the need to correct a clear error of law or fact or prevent manifest injustice.

See North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Allen v. J.K. Harris & Co., 2005 WL 2902497, at *1 (E.D. Pa. Nov. 2, 2005).

In Paragraphs 3 and 5 of the Motion, the Debtor makes various arguments that the court considered before entering the March 16th Order. These arguments raise no new grounds and therefore, provide no basis for the relief requested. See PBI Performance Prod., Inc. v. NorFab Corp., 514 F.Supp.2d 732, 743-44 (E.D. Pa. 2007); accord In re Kuhar, 2007 WL 2245912, *2 (Bankr. E.D. Pa. Aug. 1, 2007).

In Paragraph 4 of the Motion, the Debtor argues that reconsideration of the March 16th Order is appropriate based on what he styles "[t]he pendency of an intervening change in the controlling law." The "intervening change" the Debtor references is the introduction of a bill in the U.S. House of Representatives titled "Helping Families Save Their Homes in Bankruptcy Act of 2009," H.R. 200 (111th Cong. 1st Sess.).

The Debtor contends that §3 of the H.R. 200, if enacted, "would have the effect of legislatively overruling this court's decision that it lacked jurisdiction to hear the TILA issue despite the presence of a foreclosure judgment,[3] as well as supporting a summary reversal of the

---

[3] See In re Stuart, 367 B.R. 541 (Bankr. E.D. Pa. 2007).

2

Common Pleas trial court decision which caused judgment to be entered on the pleadings in favor of [Homecomings]." Debtor's Motion ¶4.[4] The Debtor acknowledges the obvious – that the bill has not been enacted into law.

The Debtor's argument is plainly wrong. There has been no intervening change in controlling law. The introduction of a bill in a house of Congress is not an intervening change in controlling law.[5]

---

[4] Section 3 of H.R. 200 would amend 11 U.S.C. §502(b) by, inter alia, adding a new subsection (10) as follows:

> the claim for a loan secured by a security interest in the debtor's principal residence is subject to a remedy for rescission under the Truth in Lending Act notwithstanding the prior entry of a foreclosure judgment, except that nothing in this paragraph shall be construed to modify, impair or supersede any other right of the debtor.

[5] The Debtor's argument makes no sense even if the introduction of a bill to amend the Bankruptcy Code were treated as an intervening change in law as contemplated by Rule 59(e). The proposed amendment of 11 U.S.C. §502(b), to permit a bankruptcy court to resolve an objection to a secured claim by enforcing certain rescission claims arising under the federal Truth in Lending Act, 15 U.S.C. §§1601, et seq. ("TILA"), has no effect on the issue in this case, i.e., whether Homecomings is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d).

The Debtor overlooks the critical fact that his confirmed chapter 13 plan does not provide for Homecomings' claim. If enacted, §3 of H.R. 200 may expand the power of the bankruptcy court to grant a TILA rescission remedy in connection with the claims allowance process in a bankruptcy case. However, because the Debtor's confirmed plan does not provide for Homecomings' claim, there is no reason for this court to either allow or disallow the secured claim Homecomings filed. Indeed, the Debtor's confirmed plan expressly provides that his asserted rescission rights will not be determined in the bankruptcy court, but rather, in the state court. Therefore, the "new" 11 U.S.C. §502(b)(10) would never come into play in this case.

By entering the March 16th Order, this court concluded that the Debtor was not entitled to the continuing benefit of the automatic stay while he litigate, the validity of his TILA attack on Homecomings' mortgage in state court. The proposed amendment of §502(b) to increase the scope of the bankruptcy court's authority to disallow claims that are provided for in a bankruptcy rehabilitation or reorganization plan in no way undermines the rationale of the decision.

Nor does the Debtor's suggestion that proposed §502(b)(10) requires reversal of the judgment entered in Homecomings' favor in the state trial court provide any reason to reconsider the

An appropriate Order follows.

Date:  April 6, 2009

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

bankruptcy court decision to grant Homecomings relief from the automatic stay. The Debtor's confirmed plan provides that the merits of his TILA rescission claim will be decided in state court. If Congress chooses to amend federal law in a manner that strengthens the Debtor's appellate arguments for reversal of the state trial court decision, the Debtor may present those arguments in the state appellate courts. However, that has nothing to do with and is not a basis for maintaining the automatic stay in place in the bankruptcy court.